UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ELDIN SILDO HERNANDEZ GUTIERREZ,

                                    Petitioner,                          Case # 20-CV-6078-FPG

v.

                                                                        DECISION AND ORDER

WILLIAM P. BARR, et al.,

                                    Respondents.

        *Pro se* Petitioner Eldin Sildo Hernandez Gutierrez brought this petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal

Detention Facility.  ECF No. 1.  The government opposes the petition.  ECF Nos. 4, 5.  Having

reviewed the record and the briefing, the Court finds that a hearing is unnecessary to resolve the

petition.  For the reasons that follow, the petition is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

        The following facts are taken from the record.  Petitioner is a native and citizen of

Guatemala.  He alleges that he entered the United States without authorization in 2004.  ECF No.

1 at 3.  Petitioner has been involved in removal proceedings since 2011, when he was charged as

removable because he was "present in the United States without being admitted or paroled."  8

U.S.C. § 1182(a)(6)(A)(i); *see* ECF No. 4-2 at 7.  Most of the procedural history of Petitioner's

removal proceedings are immaterial for present purposes.  It suffices to note that Petitioner was

released on bond from immigration custody until March 13, 2019, when immigration authorities

cancelled his bond.  *See* ECF No. 4-2 at 34-35.

        Petitioner has been detained since March 14, 2019.  ECF No. 1 at 4.  During his detention,

Petitioner has received one bond hearing before an immigration judge, which was held on June 14,

2019.  ECF No. 4-3 at 29.  The immigration judge denied bond, and Petitioner did not appeal that decision.  *Id.*

On November 18, 2019, the immigration judge denied Petitioner's applications for relief from removal and ordered him removed.  ECF No. 4-4 at 1.  Petitioner appealed the order to the Board of Immigration Appeals, which remains pending.  *Id.* at 8.

On February 5, 2020, Petitioner brought the present petition.  ECF No. 1.  Petitioner has been detained by immigration authorities for over thirteen months.

## DISCUSSION

Petitioner argues that, as a matter of procedural due process, he is entitled to a bond hearing wherein the government bears the burden of justifying his detention by clear and convincing evidence based on risk of flight or dangerousness.[1]  ECF No. 1 at 9.  The Court agrees.

In several provisions, the Immigration and Nationality Act ("INA") authorizes the detention of aliens pending removal.  Relevant here is 8 U.S.C. § 1226, which gives immigration officials the authority to arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  In other words, "section 1226 governs the detention of immigrants who are not immediately deportable."  *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018).  This includes aliens, like Petitioner, whose administrative removal proceedings are ongoing.  *See id.*  While Section 1226(a) permits immigration authorities to release aliens pending the completion of removal proceedings, *Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018), immigration authorities require the alien, not the government, to prove that release is justified, *i.e.*, that he is not a risk of flight or danger to the community.  *See Hemans v. Searls*, No.

---

[1] Petitioner also raises other grounds, but the Court need not address them in light of its disposition of this claim.  *See* ECF No. 1 at 9.

18-CV-1154, 2019 WL 955353, at *9 (W.D.N.Y. Feb. 27, 2019); *Darko v. Sessions*, 342 F. Supp. 3d 429, 433 (S.D.N.Y. 2018).

The question is whether this scheme is constitutional as applied to Petitioner.  To determine whether an alien's due process rights have been violated as a result of his continued detention under Section 1226, the Court first evaluates whether the "alien [has been] held for an unreasonably long period."  *Frederick v. Feeley*, No. 19-CV-6090, 2019 WL 1959485, at *2 (W.D.N.Y. May 2, 2019) (discussing in context of detention under 8 U.S.C. § 1226(c)); *see also Hemans*, 2019 WL 955353, at *5.  If the alien has been detained for an unreasonably long period, the Court proceeds to analyze whether the alien has received sufficient process to justify his continued detention.  *Hemans*, 2019 WL 955353, at *5.

Applying this framework, the Court concludes that Petitioner is entitled to relief.

First, Petitioner's detention has been unreasonably prolonged.  He has been detained for over thirteen months.  This is beyond the point at which courts find detention unreasonably prolonged.  *See, e.g.*, *Fremont v. Barr*, No. 18-CV-1128, 2019 WL 1471006, at *4 (W.D.N.Y. Apr. 3, 2019) (collecting cases and noting that, after twelve months, courts "become extremely wary of permitting continued custody absent a bond hearing"); *Navarijo-Orantes v. Barr*, No. 19-CV-790, 2019 WL 5784939, at *4 (W.D.N.Y. Nov. 6, 2019).  Granted, while before the immigration judge, Petitioner received several continuances resulting in an approximately three-month delay to his merits hearing.[2]  But even if the Court were to count that delay against Petitioner, he would still have been detained for over ten months.  *See Rasel v. Barr*, No. 19-CV-1603, 2020 WL 1905243, at *5 n.6 (W.D.N.Y. Apr. 17, 2020) (collecting cases where courts found detention lasting nine months unreasonably prolonged).  Thus, the length of detention militates in Petitioner's favor,

---

[2] Petitioner received several continuances that moved his May 6, 2019 hearing  to August 15, 2019.  *See* ECF No. 4-5 at 184, 193.  Ultimately, the merits hearing was not held until November 18, 2019, but the record does not disclose why.  Absent more information, the Court will not count the period between August and November 2019 against Petitioner.

particularly because he is still in the administrative phase of his removal proceedings.  *See Sigal v. Searls*, No. 18-CV-389, 2018 WL 5831326, at *7 (W.D.N.Y. Nov. 7, 2018) (noting that courts are more likely to find lengthy detention unreasonable if the petitioner is "still in the early stages of [his] immigration proceedings").

Respondents counter that, prior to his detention, Petitioner was at fault for various delays in his removal proceedings, which have been pending since 2011.  *See* ECF No. 5 at 12.  The Court fails to see, however, how that bears on the issue of whether Petitioner's *detention* has been unreasonably prolonged.  That is, Respondents fail to explain how the length of Petitioner's detention is attributable to any pre-detention delays Petitioner caused.

In addition, Respondents assert that Petitioner has not shown that his appeal to the BIA is meritorious.  *Id.* at 12-13.  The Court does not find that argument persuasive.  The Second Circuit has made a distinction between aliens who have "substantially prolonged [their] stay by abusing the processes provided to [them]" and those who have "simply made use of the statutorily permitted appeals process."  *Hechavarria v. Sessions*, 891 F.3d 49, 56 n.6 (2d Cir. 2018).  Thus, Petitioner has a right to use the processes available to him, and unless he abuses those processes— a claim which Respondents do not allege— the mere fact that he has appealed his order of removal "does not, in itself, undermine a claim that detention is unreasonably prolonged."  *Brissett v. Decker*, 324 F. Supp. 3d 444, 453 (S.D.N.Y. 2018).  Accordingly, Petitioner has passed the first step.[3]

Second, the Court concludes that the process that Petitioner has been afforded is constitutionally inadequate.  While immigration authorities place the burden on the alien to prove

---

[3] Respondents also argue that Petitioner failed to exhaust his administrative remedies insofar as he did not appeal the initial bond determination to the BIA.  *See* ECF No. 5 at 16-18.  The Court finds that exhaustion is not required because Petitioner is raising constitutional questions that the BIA does not have the authority to address.  *See Rodriguez-Figueroa v. Barr*, No. 19-CV-6366, 2020 WL 967486, at *7 (W.D.N.Y. Feb. 28, 2020).

that he should be released, due process requires more.  Specifically, the "consensus view" is that due process requires the government, not the alien, to prove continued detention is justified by clear and convincing evidence.  *Darko*, 342 F. Supp. 3d at 435 (collecting cases); *see also Martinez v. Decker*, No. 18-CV-6527, 2018 WL 5023946, at *5 (S.D.N.Y. Oct. 17, 2018).  In addition, the government must prove that no less restrictive alternatives to detention would ameliorate the risk of flight or danger.  *See Joseph v. Barr*, No. 19-CV-565, 2019 WL 3842359, at *9 (W.D.N.Y. Aug. 15, 2019).  Therefore, because Petitioner's detention has been unreasonably prolonged, and because he has not yet been afforded a constitutionally adequate bond hearing, his continued detention violates his due process rights.  He is entitled to relief in the form of a bond hearing with proper procedural safeguards.

However, purely as a procedural matter, the Court agrees with Respondents that the only proper respondent is Jeffrey Searls, Officer in Charge at the Buffalo Federal Detention Facility. *See* ECF No. 5 at 20.  As the "person with direct control" over Petitioner's detention, *id.*, he is the proper respondent given Petitioner's requested relief.  *See Hassoun v. Sessions*, No. 18-CV-586, 2019 WL 78984, at *7 (W.D.N.Y. Jan. 2, 2019) ("The majority view in the Second Circuit requires the immediate custodian, generally the prison warden, to be named as a respondent in core immigration habeas proceedings—*i.e.*, those challenging present physical confinement." (quotation omitted)).

## CONCLUSION

For the foregoing reasons, Petitioner is entitled to habeas relief under 28 U.S.C. § 2241 and the petition (ECF No. 1) is GRANTED IN PART and DENIED IN PART.  The petition is granted against Respondent Searls and is denied with respect to the remaining respondents.

By May 12, 2020, Respondent Searls shall hold a bond hearing for Petitioner before an immigration judge, at which the government bears the burden of proving by clear and convincing

evidence that Petitioner's continued detention is justified based on risk of flight or danger to the community.  The immigration judge must consider whether less restrictive alternatives to detention would ameliorate those risks.  Respondent Searls shall release Petitioner unless the immigration judge finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure Petitioner's appearance and the safety of the community or any persons.

If a bond hearing is not held by May 12, 2020, Respondent Searls shall release Petitioner immediately with appropriate conditions of supervision.  By May 14, 2020, Respondent Searls shall file a notice with this Court certifying either (1) that a bond hearing was held by the applicable deadline, and the outcome thereof, or (2) that no bond hearing was held and that Petitioner was released with appropriate conditions of supervision.  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: April 28, 2020
       Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court